UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN SIMS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ORTH, DWAN, GARCIA, WHEELER, RAGLIN, ROBINSON, MONERPENNY, FRANCIS and WARDEN OF WESTVILLE CORRECTIONAL FACILITY,<br><br>　　　　Defendants. | CAUSE NO. 3:24-CV-672-JD-AZ |

OPINION AND ORDER

John Sims, a prisoner without a lawyer, filed a complaint against several correctional officers and medical staff at Westville Correctional Facility, alleging he is not getting proper medical care. ECF 2. Sims admits that he is three-struck and barred from proceeding in forma pauperis,[1] but he asked the court to allow him to proceed in forma pauperis under the "imminent danger" exception in 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may

---

[1] The Southern District of Indiana has told him that he is three struck, and Sims does not contest that finding. *See Sims v. Jensen*, No. 2:23-cv-523-JMS-MJD (S.D. Ind. decided Jan. 23, 2024) at ECF 4 (informing Sims that he has accumulated at least five strikes).

be granted, unless the prisoner is under imminent danger of serious physical injury." Here, Sims has plausibly alleged that he is under imminent danger of serious physical injury based on allegations that he is not receiving medical care for ongoing serious medical conditions, including seizures, strokes, chest pain, heart attacks, and blood in his stool. Therefore, he may proceed in forma pauperis in this case.

Turning to the allegations in the complaint, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Sims alleges he was transferred to Westville Correctional Facility on December 19, 2023, and since then he has been having serious medical problems and not been given help for them. He alleges six correctional officers—Officer Orth, Officer Garcia, Officer Wheeler, Officer Raglin, Lieutenant Robinson, and Officer Monerpenny—and two nurses—Nurse Dwan and Nurse Francis—refuse to get him medical assistance because they say he is a child molester and deserves to die.[2]

---

[2] Sims denies that he is a child molester, although he admits that he was convicted of child molestation in the past. *See State v. Sims*, No. 49G04-1211-FC-080035 (Marion Super. Ct. decided June 11, 2013) (child molestation conviction). His current conviction is unrelated to child molestation. *See State v. Sims*, No. 49G04-1708-F3-028470 (Marion Super. Ct. decided Mar. 27, 2019) (robbery conviction); *State v. Sims*, No. 49G04-1707-F5-026542 (Marion Super. Ct. decided Mar. 27, 2019) (robbery conviction).

2

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To state a claim for the denial of this right, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," requiring a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

A prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). But because there is no one right way to practice medicine in the prison setting, courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation and quotation marks omitted). "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so

3

blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). Furthermore, inmates are "not entitled to demand specific care," *Walker*, 940 F.3d at 965 (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Sims alleges that Officer Garcia prevented him from getting medical help throughout the months of June and July 2024 for a stroke, chest pain, seizure, headache, dizziness, and other medical issues. He details two specific instances. On June 5, 2024, Sims was trying to get medical help for an unspecified ailment, but Officer Garcia cursed at him and called him a child molester. Then, on June 6, 2024, Sims told Officer Garcia that he was having chest pain, but Officer Garcia refused to call the nurse to get him medical treatment. Sims may proceed against Officer Garcia.

Next, Sims alleges that Nurse Dwan refused to give him medical treatment from May 2024 through August 2024. In particular, he alleges that in June and July 2024, when Nurse Dwan would pass out medication, he would ask her for medical care for a seizure, chest pain, and a stroke, but she refused to provide him care because he is a child molester. He alleges that she followed Officer Garcia's instructions that, because

4

he's a child molester, if she had to pull him for medical reasons, she should lie or put on his medical file that there was nothing wrong. He may proceed against Nurse Dwan.

Sims additionally alleges that starting in January 2024, Nurse Francis also refused him medical treatment for issues, including a stroke, seizure, headache, dizziness, and blood in his stool. On one occasion in particular, on March 18, 2024, Sims was having chest pain, but Nurse Francis refused to give him medical treatment. He may proceed against Nurse Francis.

Finally, Sims alleges generally that Officer Orth, Officer Raglin, Officer Wheeler, and Officer Monerpenny refused him medical treatment for stroke, seizures, headaches, dizziness, blood in stool, and other medical issues beginning in January of 2024 through now, saying that he is a child molester and deserves to die. And Lieutenant Robinson began doing the same in April 2024 through now. Officer Wheeler told Sims that he was going to let all the nurses and other staff not to help him because he is a child molester and to let him die. He may proceed against these defendants as well.

In addition, because Sims alleges he is in imminent danger, the court will construe the complaint to include a motion for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

5

that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions "requiring an affirmative act by the defendant" are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). In the prison context, the court's ability to grant injunctive relief is particularly limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir.

2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting). In light of these limitations, the court will order a response to the preliminary injunction motion before taking further action.

The Warden of Westville Correctional Facility has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant and Sims will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care. The court will order the Warden to respond to the preliminary injunction motion before taking further action on it. After the Warden's response, Sims will have 14 days to reply.

For these reasons, the court:

(1) DIRECTS the clerk to add as a defendant the Warden of Westville Correctional Facility in his official capacity;

(2) DIRECTS the clerk to separately docket the complaint (ECF 2) as a Motion for a Preliminary Injunction;

(3) GRANTS John Sims leave to proceed against Officer Orth, Nurse Dwan, Officer Garcia, Officer Wheeler, Officer Raglin, Lieutenant Robinson, Officer Monerpenny, and Nurse Francis in their individual capacities for compensatory and punitive damages for deliberate indifference to his seizures, strokes, chest pain, heart

7

attacks, and blood in his stool, starting in January 2024 in violation of the Eighth Amendment;

(4) GRANTS John Sims leave to proceed against the Warden of Westville Correctional Facility in his individual capacity for permanent injunctive relief to receive constitutionally adequate medical care for seizures, strokes, chest pain, heart attacks, and blood in his stool as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Orth, Officer Garcia, Officer Wheeler, Officer Raglin, Lieutenant Robinson, Officer Monerpenny the Warden of Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Dwan and Nurse Francis at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 2);

(8) DIRECTS the clerk to email or fax a copy of the same documents to the Warden of Westville Correctional Facility at the Westville Correctional Facility;

(9) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(10) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Orth, Nurse Dwan, Officer Garcia, Officer Wheeler, Officer Raglin, Lieutenant Robinson, Officer Monerpenny, Nurse Francis, and the Warden of Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(12) ORDERS the Warden of Westville Correctional Center to file and serve a response to the motion for a preliminary injunction as soon as possible, but not later than **October 4, 2024**, (with supporting documentation and declarations from other staff as necessary) describing/explaining how John Sims is receiving constitutionally adequate medical care as required by the Eighth Amendment for seizures, strokes, chest pain, heart attacks, and blood in his stool; and

(13) GRANTS John Sims fourteen days to reply to the Warden's response to the motion for a preliminary injunction.

SO ORDERED on September 13, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT